UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH ALAN GREENE,

    Plaintiff,

v.                                           Case No: 5:24-cv-336-JSS-PRL

DR. OLUBUKOVA, NURSE
PRACTITIONER RHONDA,
WELLPATH CARE LLC, and LAKE
COUNTY DETENTION CENTER,

    Defendants.
_____/

**ORDER**

Plaintiff, proceeding pro se and in forma pauperis, brings the claims in his operative amended complaint under 42 U.S.C. § 1983. (*See* Dkts. 7, 8.) Plaintiff is a pretrial detainee at Lake County Detention Center. (Dkt. 8 at 2, 5.) He sues Dr. Olubukova, Nurse Practitioner Rhonda, WellPath Care LLC, and the detention center for violations of his Eighth and Fourteenth Amendment rights. (*Id.* at 2–4.) As required by law, the court screens Plaintiff's amended complaint. *See* 28 U.S.C. § 1915A (requiring the court to screen a complaint in "a civil action in which a [pretrial detainee] seeks redress from a governmental entity or officer or employee of a governmental entity" and to dismiss the complaint if it "is frivolous[ or] malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a complaint in an in forma pauperis proceeding under the same

circumstances). For the reasons outlined below, the court dismisses the amended complaint without prejudice and permits Plaintiff to file a second amended complaint.

## BACKGROUND

Plaintiff reports that he has level four congestive heart failure and was waiting for a heart transplant when he was incarcerated. (Dkt. 8 at 10.) Allegedly, when Plaintiff arrived at the detention center in March 2023, he provided his medical records and informed the staff of his medical condition. (*Id.* at 8.) However, according to Plaintiff, the medical staff stopped giving him most of his prescribed medications and told him that he would not receive the same treatment he received at home. (*Id.*) In Plaintiff's words, he consequently "suffer[ed] violent withdraw[a]l symptoms and serious heart issues," and his "blood pressure r[ose] to dangerous levels." (*Id.* at 8–9.)

As to Nurse Practitioner Rhonda, Plaintiff claims, she refused to treat him, and she told him that she would not lose her license over him and that he would "just have to suffer" because he was "old" and thus was "supposed to be in pain." (*Id.* at 8.) Plaintiff also states that when he later told Nurse Practitioner Rhonda that his chest port must be flushed regularly to prevent clogging, she said: "We don't do that here." (*Id.* at 9.) As to Dr. Olubukova, although he prescribed Duloxetine for Plaintiff's pain, this treatment was purportedly "ineffective and exacerbated [Plaintiff's] prostate issues." (*Id.*) In addition, Dr. Olubukova allegedly denied Plaintiff's requests to send him to the cardiologist to have his pacemaker checked until thirteen months after Plaintiff's arrival at the detention center. (*Id.*) According to Plaintiff, Dr. Olubukova said: "There is nothing wrong with your heart. Your heart is fine." (*Id.* at 10.)

Plaintiff also alleges that Dr. Olubukova and Nurse Practitioner Rhonda denied him care when he fell and injured his hip and leg. (*Id.* at 11.) Overall, Plaintiff states, Defendants' failure to treat him continues to cause him debilitating chest pains, severe leg cramps, numbness in his feet, loss of circulation to his feet, shortness of breath, dizziness, nausea, rising blood pressure, a decline in his heart health, and a high risk of death. (*Id.* at 9, 11–12.)

## APPLICABLE STANDARDS

To state a claim upon which relief may be granted, a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, the factual allegations in the complaint must "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning that they "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court construes pro se filings liberally, a pro se complaint "still must allege factual allegations that 'raise a right to relief above the speculative level.'" *Owens v. Sec'y, Fla. Dep't of Corr.*, 602 F. App'x 475, 477 (11th Cir. 2015) (quoting *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014)). In analyzing the complaint, the court "disregard[s] allegations that are merely legal conclusions." *Wilke v. Troy Reg'l Med. Ctr.*, 852 F. App'x 389, 392 (11th Cir. 2021).

## ANALYSIS

Section 1983 "provides a method for vindicating federal rights conferred by the Constitution." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir.

1990). A section 1983 plaintiff must allege that the defendant's "act or omission deprived [the] plaintiff of a right, privilege[,] or immunity secured by the Constitution" and that the "act or omission was done by a person acting under color of law." *Id.* at 996–97 (quotation omitted). Here, Plaintiff sues Dr. Olubukova and Nurse Practitioner Rhonda in their official, rather than individual, capacities. (Dkt. 8 at 2, 4.) Official-capacity claims are claims against the entity that employs the individual. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). "[I]n an official-capacity suit[,] the entity's 'policy or custom' must have played a part in the violation . . . ." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

An entity cannot be liable under section 1983 for a constitutional violation based solely on its employees' actions; rather, a plaintiff must allege that the violation of his rights was caused by the entity itself, through its custom or policy. *See id.*; *Ireland v. Prummell*, 53 F.4th 1274, 1289 (11th Cir. 2022) ("Liability under [section] 1983 cannot be based on the theory of vicarious liability."). In essence, Plaintiff sues only WellPath and the detention center, but he does not allege that his rights were violated pursuant to the custom or policy of either entity. (*See* Dkt. 8.) Indeed, the complaint contains only allegations of isolated wrongdoings directed at Plaintiff, (*see id.*), which are generally insufficient to establish a policy or custom, *see Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005). Plaintiff's claims are thus due to be dismissed.

## CONCLUSION

Accordingly:

1. Plaintiff's amended complaint (Dkt. 8) is **DISMISSED without prejudice**.

2. On or before July 25, 2025, Plaintiff may file a second amended complaint on the standard civil rights complaint form.

   a. To amend his complaint, Plaintiff shall place the case number in this action on a blank civil rights complaint form and mark the form Second Amended Complaint.

   b. The second amended complaint must be rewritten in its entirety on the form and contain all claims for relief. It must not refer to or incorporate the amended complaint because it will supersede the amended complaint.

3. If Plaintiff fails to file a second amended complaint within the time allotted, this order dismissing the amended complaint will become a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the deadline to amend expires without the plaintiff amending its complaint or seeking an extension of time. . . . And when the order becomes a final judgment, the district court loses all its prejudgment powers to grant any more extensions of time to amend the complaint." (quotation omitted)).

4. Plaintiff must advise the court of any change of address. <u>The failure to comply with this order will result in the dismissal of this case without further notice.</u>

5. The Clerk is **DIRECTED** to send Plaintiff a standard civil rights complaint form and a financial certificate.

**ORDERED** in Orlando, Florida, on June 24, 2025.

*[Signature]*
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties